# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ORLANDTHEFER JAMES CARY | CIVIL ACTION NO. 18-778-P |
| VERSUS | JUDGE FOOTE |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Orlandthefer James Cary, pursuant to 28 U.S.C. §2241. This petition was received and filed in this court on June 11, 2018. Petitioner names the State of Louisiana and Officer J. Anderson as respondents.

Petitioner was convicted of one count of speeding and one count of driving under suspension. The court ordered Petitioner to pay a fine for each conviction.

In support of this petition, Petitioner alleges (1) the court lacked personal and subject matter jurisdiction, (2) the Eleventh Amendment removed the right of the state to bring suit against the people, and (3) standing must be proven to show jurisdiction.

Petitioner must demonstrate that he has exhausted state court remedies with respect to the claims he raises in this petition. In order to satisfy the exhaustion requirement, the claim must be presented to the state's highest court, even when review by that court is discretionary. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Supreme Court of Louisiana. Petitioner fails to demonstrate that he presented his claims

he attempts to present herein to the Supreme Court of Louisiana. Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims he attempts to present herein.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

In addition, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

From the information provided in the petition, the court is unable to determine if it is timely.

---

[1]§2254 provides, in pertinent part:
    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
    **(A) the applicant has exhausted the remedies available in the courts of the State;**

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days from the date of this order, a copy of the legal memorandum he filed at each level of the state courts and the date that it was filed and the responses he received from each state court in order to demonstrate that he has presented the issues he attempted to raise herein to the Supreme Court of Louisiana.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). This response shall include the date he was convicted and sentenced. This response shall include whether he filed a direct appeal of his conviction and sentence, and if so, the dates on which it was filed and the dates on which the state courts responded. This response shall also include the dates on which each motion and post-conviction relief application was filed in each of the state courts and the dates on which the state courts responded to each.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 10th day of September 2018.

Mark L. Hornsby
U.S. Magistrate Judge